1  H. James Abe (CA Bar. No. 265534)
     james.abe@alston.com
2  ALSTON & BIRD LLP
   333 South Hope Street, 16th Floor
3  Los Angeles, CA 90071
   Telephone: (213) 576-1000
4  Facsimile: (213) 576-1100

5  Patrick J. Flinn (CA Bar. No. 104423)
     patrick.flinn@alston.com
6  Holly Hawkins Saporito (to be admitted *pro hac vice*)
     holly.saporito@alston.com
7  Daniel L. Huynh (to be admitted *pro hac vice*)
     daniel.huynh@alston.com
8  Sean B. Bedford (to be admitted *pro hac vice*)
     sean.bedford@alston.com
9  ALSTON & BIRD LLP
   1201 West Peachtree Street
10 Atlanta, GA 30309
   Telephone: (404) 881-7000
11 Facsimile: (404) 881-7777

12 *Attorneys for Plaintiff*
   *International Technologies & Systems Corporation*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTERNATIONAL TECHNOLOGIES & SYSTEMS CORPORATION, d/b/a/ ID TECH, <br><br> PLAINTIFF, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG PAY, INC., <br><br> DEFENDANTS. | Case No. 8:17-cv-1748 <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

International Technologies & Systems Corporation, d/b/a ID TECH ("ID TECH"), by its attorneys, Alston & Bird LLP, files this Complaint for Patent Infringement against Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Pay, Inc. (collectively, "Defendants" or "Samsung"), and, in support thereof, alleges as follows:

## NATURE OF THE SUIT

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

## PARTIES

2. Plaintiff ID TECH is a corporation organized under the laws of Delaware, with its principal place of business at 10721 Walker Street, Cypress, California 90630.

3. Upon information and belief, Defendant Samsung Electronics Co., Ltd. ("Samsung Ltd.") is a company organized and existing under the laws of South Korea, with its principal place of business at 129 Samsung-Ro, Yeongtong-Gu, Suwon-Shi, 16677, South Korea.

4. Upon information and belief, Defendant Samsung Electronics America, Inc. ("Samsung America") is a corporation organized under the laws of New York, with its principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660.

5. Upon information and belief, Defendant Samsung Pay, Inc. ("Samsung Pay, Inc.") is a corporation organized under the laws of Delaware, with its principal place of business at 3 Van de Graaff Drive, Burlington, Massachusetts 01803.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1338 because this case arises under the patent laws of the United States, Title 35 of the United States Code.

///

///

7.     This Court has personal jurisdiction over Defendants because they have substantial, systematic, and continuous contacts with this judicial district. Samsung has offices and facilities in this judicial district, including an office and distribution facility in Compton, California, and a service center in Los Angeles, California. Further, Samsung has committed and continues to commit acts of infringement in violation of 35 U.S.C. § 271 by placing infringing products into the stream of commerce with the knowledge, understanding, and expectation that such products will be sold in the state of California and in this judicial district. Moreover, events giving rise to this suit occurred in this judicial district, including Samsung's acts of infringement.

8.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b) because Samsung has committed acts of infringement in this judicial district and has a regular and established place of business in this judicial district. More specifically, Samsung has committed acts of infringement in this judicial district by making, importing, offering for sale, and/or selling to customers in this judicial district Samsung devices configured to perform the Samsung Pay functionality, and by instructing customers in this judicial district to use the Samsung Pay functionality. In addition, upon information and belief, Samsung provides Samsung Pay Merchant kits to retailers in the judicial district to inform customers that the Samsung Pay functionality is accepted at certain retailers.

9.     Venue is also proper in this judicial district because Samsung maintains a permanent and continuous presence in this judicial district where it sells products and provides services incorporating and/or related to the infringing technology to consumers. Upon information and belief, Samsung maintains regular and established places of business at least at 18600 S. Broadwick St., Compton, California 90220-6434, 14251 Firestone Blvd., La Mirada, California 90638-5525, and 3150 Wilshire Blvd. #206, Los Angeles, California, 90010. Samsung further maintains regular and established places of business through the Samsung Experience Shop located inside Best Buy stores, including Samsung Experience Shops in this judicial district. Samsung

maintains and operates at least 27 Samsung Experience Shops in the greater Los Angeles metropolitan area.

## FACTUAL BACKGROUND

### A. FACTS RELATED TO PLAINTIFF ID TECH

10. Since its founding in 1985, ID TECH has been—and continues to be—an innovator in the field of identification and payment products and systems.

11. ID TECH designs, manufactures, and sells a wide range of automatic identification and payment systems products and components, including magstripe readers, smart and contactless card readers and writers, bar code readers, point-of-sale keyboards, and secure PIN entry products. ID TECH supports its customers with both standard products and custom solutions for the point-of-sale, hospitality, access control, transportation, gaming, and kiosk industries.

### B. THE PATENT-IN-SUIT

12. On October 3, 2005, U.S. Patent Application No. 11/243,008, entitled "External Adaptor for Magnetic Stripe Card Reader," was filed with the United States Patent & Trademark Office ("USPTO"), naming Bruce Lyle Moullette, Mohammad A. Khan, Jorge M. Fernandes, Ahmer Ali Khan, and Anna C. Stockel as inventors.

13. Also on October 3, 2005, the USPTO recorded an assignment of U.S. Patent Application No. 11/243,008 from its inventors to VIVOtech, Inc. ("VIVOtech"), a software and payment systems company based in Santa Clara, California. At the time of that assignment, each of the inventors was employed by VIVOtech.

14. On October 3, 2006, the USPTO duly and legally issued U.S. Patent No. 7,114,652 ("the 652 Patent"), entitled "External Adaptor for Magnetic Stripe Card Reader." A true and correct copy of the 652 Patent is attached hereto as Exhibit A.

15. The 652 Patent contains 10 claims, which recite methods for communicating with reader heads of a magnetic stripe device.

16. Each claim of the 652 Patent is valid and enforceable.

///

17. On August 3, 2012, VIVOtech assigned the 652 Patent to ID TECH. The assignment was recorded with the USPTO on February 13, 2013.

18. ID TECH is the current assignee to the 652 Patent, with the right to sue and recover for past infringement of the 652 Patent and any and all causes of action and remedies, either legal and/or equitable, related thereto.

### C. FACTS RELATED TO SAMSUNG DEFENDANTS

19. Upon information and belief, Samsung Ltd. is a Korean company that researches, manufactures, markets, distributes, imports, and sells Samsung products worldwide, including smartphones, tablets, smartwatches, and other mobile devices. Samsung Ltd. and its subsidiaries collectively comprise one of the largest mobile device makers in the world.

20. Upon information and belief, Samsung America is a wholly owned subsidiary of Samsung Ltd. that is responsible for researching, marketing, distributing, and selling Samsung products in the United States. Upon information and belief, Samsung America markets, offers for sale, and sells mobile devices, including the Samsung Galaxy series of smartphones and tablets and Samsung Gear series of smartwatches, in the United States.

21. Upon information and belief, LoopPay, Inc. ("LoopPay") was founded as a mobile payment startup company in 2012. LoopPay developed and sold aftermarket mobile device products incorporating "Magnetic Secure Transmission" ("MST") technology, which is designed to interact with conventional magnetic stripe credit carder readers to enable users to conduct commercial transactions using a mobile device.

22. Upon information and belief, in or around February 2015, Samsung Ltd. acquired LoopPay.

23. Upon information and belief, in or around September 23, 2015, LoopPay's name was changed to Samsung Pay, Inc.

///

24. Upon information and belief, Samsung Pay, Inc. develops MST technology and products, and configures MST components for use in certain Samsung devices.

25. Upon information and belief, Samsung has developed and offers a mobile payment system called "Samsung Pay," which Samsung makes available to its customers for use with certain Samsung mobile devices ("the Samsung Pay System").

26. Upon information and belief, the Samsung Pay System allows users to transmit card information from their mobile devices using MST to communicate with the reader head of payment terminal card readers.

### D. THE ACCUSED DEVICES

27. Upon information and belief, Samsung currently manufactures and sells at least 12 products compatible with its Samsung Pay System. Upon information and belief, these products include: the Samsung (i) Galaxy S8; (ii) Galaxy S8+; (iii) Galaxy S7; (iv) Galaxy S7 edge; (v) Galaxy S6; (vi) Galaxy S6 edge; (vii) Galaxy S6 edge+; (viii) Galaxy S6 active; (ix) Galaxy Note5; (x) Galaxy Note 8; (xi) Gear S3; and (xii) Gear S2 (collectively, the "Accused Devices").

### E. SAMSUNG'S INFRINGEMENT OF THE 652 PATENT

28. Upon information and belief, the Samsung Pay System is a method of communicating with a reader head of a magnetic stripe reader device (*see, e.g.*, "Samsung Pay: Everything You Need to Know," available at: https://www.youtube.com/watch?v=KSaIe_mCuxc&t=). More specifically, the Samsung Pay System comprises a method for conducting wireless payment transactions between a card reader and a mobile device by communicating a signal from the mobile device to the reader heads of a magnetic stripe reader device.

29. Upon information and belief, Samsung is infringing at least claims 1–5 of the 652 Patent by practicing, making, using, selling, or offering for sale in this judicial district and elsewhere the inventions claimed in the 652 Patent through the use of the Samsung Pay System in the Accused Devices.

30.     Upon information and belief, Samsung has had knowledge of the 652 Patent since at least the filing of this Complaint.

## COUNT I

### Infringement of the 652 Patent

31.     Plaintiff incorporates herein by reference each and every allegation contained in paragraphs 1–30, above.

32.     Upon information and belief, Samsung has infringed and continues to infringe, directly or indirectly, at least claims 1–5 of the 652 Patent in violation of 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, by practicing, making, using, selling, offering to sell, manufacturing, and/or using the Accused Devices compatible with the Samsung Pay System in the United States and by importing the Accused Devices into the United States.

33.     Samsung actively induces others to infringe, literally and/or under the doctrine of equivalents, at least claims 1–5 of the 652 Patent in violation of 35 U.S.C. § 271(b) by importing and selling the Accused Devices configured to use the Samsung Pay System and by instructing its customers and retailers through its marketing, advertising, customer assistance, and direct instructions to use the Samsung Pay System, or accept payments made with the Samsung Pay System, in a manner that infringes the 652 Patent.

34.     Samsung has contributed to, and continues to contribute to, the infringement of at least claims 1–5 of the 652 Patent in violation of 35 U.S.C. § 271(c) by importing and selling Accused Devices configured to use the Samsung Pay System and by instructing its customers and retailers through its marketing, advertising, customer assistance, and direct instructions to use the Samsung Pay System, or accept payments made with the Samsung Pay System, in a manner that infringes the 652 Patent.

35.     Samsung's infringement is willful and deliberate. Samsung has had knowledge of the 652 Patent since at least the filing of this Complaint.

36. ID TECH has been damaged by Samsung's past and continuing infringement of the 652 Patent in an amount to be determined at trial.

37. ID TECH has been and continues to be irreparably injured by Samsung's past and continuing infringement of the 652 Patent, and Samsung's infringing activities will continue unless enjoined by this Court pursuant to 35 U.S.C. § 283.

38. ID TECH has suffered and is suffering money damages from Samsung's unauthorized infringement that are compensable under 35 U.S.C. § 284 in an amount to be determined at trial or hearing.

## DEMAND FOR JURY TRIAL

39. ID TECH requests a jury trial of all issues triable of right by a jury.

## PRAYER FOR RELIEF

WHEREFORE, ID TECH respectfully requests judgment against Samsung as follows:

a) For a judgment in favor of ID TECH that Samsung has infringed the 652 Patent, whether literally or under the doctrine of equivalents, as described herein;

b) For an award of such damages in an amount sufficient to compensate ID TECH for losses it has sustained as a consequence of Samsung's unlawful acts, as well as profits attributable to Samsung's unlawful acts; and

c) For an accounting for all profits derived by Samsung from its unlawful acts;

d) For an order under 35 U.S.C. § 283 permanently enjoining Samsung from continuing to make, use, sell, or offer to sell the Accused Devices in the United States and from importing the Accused Devices into the United States;

e) For an order declaring this to be an exceptional case pursuant to 35 U.S.C. § 285;

f) For an award to ID TECH of its reasonable attorney fees and full costs;

g) For an order declaring that Samsung's infringement was willful and an award of treble damages to ID TECH; and

h) For such further relief as the Court may deem just and appropriate.

DATED: October 6, 2017        ALSTON & BIRD LLP

<u>/s/ H. James Abe</u>
H. James Abe (Cal. Bar. No. 265534)
  james.abe@alston.com
ALSTON & BIRD LLP
333 South Hope Street, 16th Floor
Los Angeles, CA  90071
Telephone:  (213) 576-1000
Facsimile:   (213) 576-1100

Patrick J. Flinn (Cal. Bar. No. 104423)
  patrick.flinn@alston.com
Holly Hawkins Saporito (to be admitted *pro hac vice*)
  holly.saporito@alston.com
Daniel L. Huynh (to be admitted *pro hac vice*)
  daniel.huynh@alston.com
Sean B. Bedford (to be admitted *pro hac vice*)
  sean.bedford@alston.com
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309
Telephone:  (404) 881-7000
Facsimile:   (404) 881-7777

*Attorneys for Plaintiff*
*International Technologies & Systems Corporation*

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

DATED: October 6, 2017     ALSTON & BIRD LLP

*/s/ H. James Abe*
H. James Abe (Cal. Bar. No. 265534)
  james.abe@alston.com
ALSTON & BIRD LLP
333 South Hope Street, 16th Floor
Los Angeles, CA  90071
Telephone:  (213) 576-1000
Facsimile:   (213) 576-1100

Patrick J. Flinn (Cal. Bar. No. 104423)
  patrick.flinn@alston.com
Holly Hawkins Saporito (to be admitted *pro hac vice*)
  holly.saporito@alston.com
Daniel L. Huynh (to be admitted *pro hac vice*)
  daniel.huynh@alston.com
Sean B. Bedford (to be admitted *pro hac vice*)
  sean.bedford@alston.com
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309
Telephone:  (404) 881-7000
Facsimile:   (404) 881-7777

***Attorneys for Plaintiff***
***International Technologies & Systems Corporation***